**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| NAJA CUMMINGS, | : | |
| Plaintiff, | : | Civil Case No. 10-0051(SDW) |
| v. | : | **O P I N I O N** |
| JAMES S. LACORTE, et al., | : | |
| Defendants. | : | |

**APPEARANCES:**

Naja Cummings, Pro Se
# 477564
East Jersey State Prison
Lock Bag R
Rahway, NJ 07065

**WIGENTON, District Judge**

Plaintiff, Naja Cummings, incarcerated at the East Jersey State Prison, Rahway, New Jersey, at the time he filed this complaint, seeks to bring this action in forma pauperis, without prepayment of fees, pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of indigence and institutional account statement, the Court will grant his application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a), and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to

state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the following reasons, Plaintiff's complaint will be dismissed.

## BACKGROUND

Plaintiff seeks to sue James S. LaCorte, the Surrogate of Union County; John F. Malone, a Superior Court of New Jersey Judge; Leneeta Humphrey, Barbara Jackson, and Bridget Tompkins, personal family members and acquaintances of Plaintiff; John C. Wiley, an employee of Coldwell Banker; and Nicolas Giuditta, an attorney.

According to Plaintiff, on February 19, 2008, his mother with whom he lived, was found deceased in their home.  His aunt, defendant Jackson, used an emergency key to let police into the home, whereby the deceased was found.  Plaintiff states that defendants Jackson and Humphrey soon afterwards trespassed on the property and burglarized the house, removing property and documents, including two wills left by the deceased.  Plaintiff states that the last will named him as executor to the estate and stated that the property was to be divided between him and defendant Humphrey.

Plaintiff sent documentation supporting his claim about the will to the Union County Surrogate, who told him his mother died without a will.  Some litigation occurred concerning the will,

which is not relevant here.  Plaintiff states that the judge assigned to preside over the estate was the same judge, defendant Malone, who had sentenced him to a twelve-year term of incarceration for crimes he hadn't committed.  Defendant Giuditta was appointed by defendant Judge Malone to be the administrator of the estate.  Plaintiff informed Giuditta about his relatives improper actions but Giuditta did not take any action.  Plaintiff accuses Giuditta and defendant Wiley of embezzlement due to their handling of the deceased's property.

Plaintiff asks for monetary relief.

## DISCUSSION

### A.   Standard of Review

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and

1915A, because plaintiff is a prisoner and is proceeding as an indigent.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

Recently, the Supreme Court refined this standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).[1] Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the

---

[1] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." Fed. R. Civ. P. 8(d).

4

proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See id. at 1948. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. See id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 2009 WL 2501662, *4 (3d Cir., Aug. 18, 2009).

**B.   42 U.S.C. § 1983**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1)

a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.     Plaintiff's Complaint Will Be Dismissed.**

    1.   Rooker-Feldmen Doctrine

Plaintiff alleges facts indicating that he has raised the issue of his mother's estate before the New Jersey courts, and the estate was administered according to the state court's orders.  As the issues Plaintiff seeks to assert in this case have been raised in the state courts, and adjudicated, this Court will not interfere with the state process.

A federal district court lacks jurisdiction to directly review judgments of state courts.  See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923) (the "Rooker-Feldman doctrine").  The Rooker-Feldman doctrine bars district courts from "entertain[ing] constitutional claims that have been previously adjudicated in state court or that are inextricably intertwined with a state adjudication." Whiteford v. Reed, 155 F.3d 671, 673-74 (3d Cir. 1998)(citations omitted).  "A federal

claim is inextricably intertwined with a prior state adjudication if 'the federal claim succeeds only to the extent that the state court wrongly decided the issues before it . . . .'" Gulla v. North Strabane Township, 146 F.3d 168, 171 (3d Cir. 1998)(quoting FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996)). The Rooker-Feldman doctrine applies if, in order to grant the plaintiff the relief sought, the federal district court must determine that the state court's decision is wrong or such relief would void the state court's ruling. See Gulla, 146 F.3d at 171; FOCUS, 75 F.3d at 840.  Here, Plaintiff alleges facts indicating that his complaint directly challenges the state court's ruling.  A finding by this Court in Plaintiff's favor would necessarily invalidate the state court's decision.

Therefore, pursuant to the Rooker-Feldman doctrine, Plaintiff's claims are not cognizable in this civil rights action.  Plaintiff may appeal the decision of the state courts in accordance with state law if he so chooses.

    2.   Defendants Are Not State Actors, or are Immune from Suit

Furthermore, this Court notes that all defendants named in this suit, besides the Union County Surrogate, are either not state actors, or are immune from suit, for purposes of this § 1983 case.  Defendants Humphrey, Jackson, and Tompkins are clearly not state actors, but rather family and acquaintances of

Plaintiff.[2]  Defendant Giuditta, as a lawyer, is not a "state actor" for purposes of a § 1983 suit.  See Keeney v. Donatelli, 2007 WL 475818 (E.D. Pa. Feb. 9, 2007)(unpublished)(noting that court appointed administrator of estate is not a state actor for purposes of § 1983 complaint); Patterson v. Rodgers, – F. Supp.2d–, 2010 WL 1704403 (D. Conn. Apr. 28, 2010) (Section 1983 claims against attorney executors of estate fail because attorneys not shown to be state actors).

Moreover, Defendant Malone, as a judge, is immune from suit under § 1983.  See Imbler v. Pachtman, 424 U.S. 409, 410 (1976) ("a state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983); see also Mireles v. Waco, 502 U.S. 9 (1991)(holding that judges are entitled to absolute immunity from § 1983 suits based on actions taken in their official judicial capacity).

Because Plaintiff names defendants not subject to suit under § 1983, his complaint must be dismissed as to these defendants.

### **CONCLUSION**

Based upon the foregoing, Plaintiff's complaint will be dismissed for failure to state a claim upon which relief may be

---

[2] Although there are circumstances under which private persons may, by their actions, become state actors for § 1983 purposes, Plaintiff has not alleged that these defendants should be considered state actors and the facts asserted in the complaint do not support such a finding.

granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and for seeking relief from immune defendants, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).  The Court will file an appropriate order.

                                                s/Susan D. Wigenton
                                                SUSAN D. WIGENTON
                                                United States District Judge

Dated: July 7, 2010